**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| GLAXOSMITHKLINE BIOLOGICALS SA and GLAXOSMITHKLINE LLC,<br><br>          Plaintiffs,<br><br>     v.<br><br>PFIZER INC., PHARMACIA & UPJOHN CO. LLC, BIONTECH SE, BIONTECH MANUFACTURING GMBH, and BIONTECH US INC.,<br><br>          Defendants. | C.A. No. 24-512-GBW<br><br><br>**JURY TRIAL DEMANDED**<br><br>**PUBLIC VERSION** |
| GLAXOSMITHKLINE BIOLOGICALS SA and GLAXOSMITHKLINE LLC,<br><br>          Plaintiffs,<br><br>     v.<br><br>MODERNA, INC., MODERNATX, INC., and MODERNA US, INC.,<br><br><br>          Defendants. | C.A. Nos. 24-1135-GBW<br>          24-1136-GBW<br><br>**JURY TRIAL DEMANDED**<br><br>**PUBLIC VERSION** |

**MEMORANDUM OPINION AND ORDER**

Pending before the Special Master is Plaintiffs GlaxoSmithKline Biologicals SA and GlaxoSmithKline LLC's (collectively, "Plaintiffs" or "GSK") motion seeking entry of an order governing depositions of third-party witnesses across these three related patent infringement actions (the "Motion"). D.I. 231 (24-512-GBW); D.I. 241 (24-1135-GBW); D.I. 226 (24-1136-GBW). GSK seeks an order: (1) limiting Defendants Pfizer Inc., Pharmacia & Upjohn Co. LLC, BioNTech SE, BioNTech Manufacturing GmbH, and BioNTech US Inc. (collectively, "PBNT") and Defendants Moderna, Inc., ModernaTX, Inc., and Moderna US, Inc. (collectively, "Moderna,"

and together with PBNT, "Defendants") to a combined total of 10 hours of deposition time for third-party witnesses, including named inventors; (2) requiring Defendants to coordinate their questioning to avoid duplication; (3) requiring all Defendants to attend each other's depositions; and (4) requiring any redirect to occur at the conclusion of all questioning. *Id*.

On May 28, 2026, GSK submitted an opening letter brief in support of its motion ("GSK Op. Br."). On June 1, 2026, PBNT submitted its answering letter brief in opposition to the Motion ("PBNT Ans. Br.") and Moderna submitted its answering letter brief in opposition to the Motion ("Moderna Ans. Br."). The Special Master held a hearing on the motion via videoconference on June 2, 2026.[1]

Having considered the parties' letter briefing and arguments presented at the hearing, IT IS HEREBY ORDERED that GSK's Motion is **DENIED** for the reasons set forth below.

## I.    BACKGROUND

GSK filed three patent infringement actions against Defendants asserting claims from patents in four different patent families.  D.I. 1 (24-512-GBW); D.I. 1 (24-1135-GBW); D.I. 1 (24-1136-GBW).  Two patents from one family are asserted against all Defendants, while additional patents are asserted against one or the other group of Defendants.  *See generally id.*  Similar schedules with overlapping deadlines were set in each case.  *Compare* D.I. 56 (24-512-GBW) *with* D.I. 35 (24-1135-GBW) and D.I. 38 (24-1136-GBW).  Fact discovery is scheduled to close on July 29, 2026, in all actions.  D.I. 56 ¶ 4(a) (24-512-GBW); D.I. 35 ¶ 4(a) (24-1135-GBW); D.I. 38 ¶ 4(a) (24-1136-GBW).

The Scheduling Order entered in the PBNT case requires, in relevant part, that "[t]he parties

---

[1] A court reporter was present for the June 2, 2026, hearing and provided a copy of the hearing transcript ("Hrg. Tr.") to the Special Master on June 3, 2026.

shall also confer with the Defendants in [the Moderna cases] and, to the extent possible, schedule depositions for witnesses being deposed in both this action and [the Moderna cases] in a single day or on consecutive days."  D.I. 56 ¶ 4(e)(iii) (24-512-GBW). The Moderna Scheduling Orders similarly require coordination between the two Moderna cases and provide that witnesses being deposed in both Moderna actions will be deposed "in a single deposition on a single day or consecutive days and not lasting more than 10 total hours on the record."  D.I. 35 ¶ 4(e)(iii) (24-1135-GBW); D.I. 38 ¶ 4(e)(iii) (24-1136-GBW).

This dispute arose from discussions about scheduling depositions for two key witnesses: Dr. Andrew Geall, a named inventor on all asserted patents across the three actions, and Dr. Christian Mandl, who led the research team that GSK credits with conceiving and developing the claimed inventions.  PBNT Ans. Br. at 1; GSK Op. Br. at 1–2.  GSK proposed making these witnesses available for a combined total of 10 hours of deposition, spread across two consecutive days, across all three cases.  GSK Op. Br. at 3, Ex. 2 at 7.  In response, Defendants maintained that each should be entitled to the full seven hours of deposition time with each witness.  GSK Op. Br. at 2, Ex. 1 at 1, Ex. 2 at 3.  The parties were unable to reach agreement, and GSK filed the instant Motion.

## II.    ANALYSIS

GSK's Motion seeks to limit Defendants to a combined 10 hours of third-party deposition time (including named inventors), require coordinated questioning, mandate attendance at each other's depositions, and require redirect examination to occur after all questioning is complete. GSK argues that Defendants' demand to reserve up to 17 hours of deposition time with third-party inventor witnesses, while refusing to attend each other's depositions or coordinate to avoid duplicative questioning, imposes an undue burden on nonparties in violation of Federal Rule of

3

Civil Procedure 45(d)(1) and results in cumulative or duplicative discovery prohibited by Rule 26(c). GSK Op. Br. at 3–4; *see also* Hrg. Tr. 9:10–14 ("Under Pfizer-Moderna's proposal these witnesses will be deposed for up to 17 hours and there would be no efforts to reduce duplication or burden on the witnesses."). GSK further contends that its proposed 10-hour collective time cap is consistent with established practice in this District requiring multiple defendants in related cases to share deposition time for third-party and inventor witnesses. GSK Op. Br. at 3–4.

In response, PBNT argues that the Scheduling Order imposes no deposition time limits and requires only logistical scheduling coordination with Moderna, not substantive coordination of questioning, and that GSK has failed to demonstrate good cause or any cognizable undue burden on the third-party inventor witnesses beyond their "busy schedules." PBNT Ans. Br. at 3–5. Moderna separately argues that GSK itself proposed and agreed to the 10-hour deposition limitation during scheduling negotiations, which Judge Williams's Scheduling Order adopted, and that any alleged burden on the inventors is entirely of GSK's own making, given GSK's decision to assert over 160 unique claims from multiple patents. Moderna Ans. Br. at 1–3.

GSK's Motion is **DENIED**. The Special Master finds merit in GSK's arguments regarding Rule 26(c)'s prohibition against cumulative or duplicative discovery and the goal for parties in related cases to coordinate to the extent possible. On balance, however, Defendants have the stronger position for the reasons set forth below.

The Scheduling Orders do not impose the limitations on third-party depositions that GSK now seeks. The history of the parties' scheduling order negotiations is significant. In the PBNT case, GSK proposed language requiring PBNT "to confer with [Moderna] to avoid duplicative depositions and deposition questioning." PBNT Ex. 6 at 4–5. PBNT proposed that it "shall not be required to confer with [Moderna]." *Id.* The parties ultimately reached a compromise: GSK

dropped its position compelling PBNT to coordinate to avoid duplicative questioning, and the final Scheduling Order required only that the parties confer to schedule depositions on consecutive days "to the extent possible." PBNT Ans. Br. at 2; Hrg. Tr. 34:23–35:10 ("So what happened was the morning of the scheduling conference we agreed to a modified proposal to resolve this issue and GSK dropped from its language, dropped from its proposal the concept that the parties be required to coordinate to avoid duplication. They dropped it in order to obtain an agreement of Pfizer and BioNTech and now they want to revisit that issue and they shouldn't be permitted to do so."). On cross-case coordination, during the Rule 16 Scheduling Conference, Judge Williams stated: "But for case 24-512 we're going to go with Pfizer/BNT because, you know, that's a different case. Pfizer/BNT are not parties [to the Moderna cases]." PBNT Ans. Br. Ex. 7, March 25, 2025 Rule 16 Conference Tr. at 7:22–8:1.

With respect to the Moderna cases, GSK proposed the 10-hour deposition limit for witnesses deposed across both Moderna actions during scheduling negotiations. Moderna Ans. Br. at 3; GSK Op. Br. at 3–4. GSK also sought Moderna's agreement to coordinate questioning with Pfizer, which Moderna rejected. Moderna Ans. Br. Ex. 2 at 4–5. Ultimately, the parties agreed that Moderna would confer with PBNT to schedule witnesses "to the extent possible" on a single day or on consecutive days, but with no requirement to coordinate questioning or share deposition time across the PBNT and Moderna cases. *Id.* at 6–9; *see also* D.I. 35 ¶ 4(e)(iii) (24-1135-GBW); D.I. 38 ¶ 4(e)(iii) (24-1136-GBW).

In view of the foregoing, the Special Master finds that GSK's Motion effectively seeks to revisit and undo the compromises it reached during the Scheduling Order negotiations. The Scheduling Orders expressly provide that "[t]hese provisions may be amended by agreement of the parties or upon order of the Court upon good cause shown." D.I. 56 ¶ 4(e)(iv) (24-512-GBW);

D.I. 35 ¶ 4(e)(iv) (24-1135-GBW); D.I. 38 ¶ 4(e)(iv) (24-1136-GBW); *see also* Hrg. Tr. 50:6–10. GSK is bound by its prior agreements. *See* Fed. R. Civ. P. 29(b); Fed. R. Civ. P. 16(b)(4) (a "schedule may be modified only for good cause and with the judge's consent"); Fed. R. Civ. P. 16(d) (scheduling order "controls the course of the action unless the court modifies it"). Having negotiated these provisions, GSK may not abandon them without demonstrating good cause.

GSK, however, has not demonstrated good cause to modify the Scheduling Orders. Federal Rule of Civil Procedure 30(d)(1) provides that a deposition shall be "limited to 1 day of 7 hours." Fed. R. Civ. P. 30(d)(1). As the party seeking to alter these default limits, GSK bears the burden of showing good cause. *Cf. Falkenberg Cap. Corp. v. Dakota Cellular, Inc.*, No. 95-351-MMS, 1998 WL 552966, at *4 (D. Del. Aug. 4, 1998) (noting "the party seeking the protective order to preclude [non-party's] deposition, bears the burden of demonstrating good cause to preclude [non-party's] testimony) (citation omitted). GSK has not carried that burden.

*First*, GSK has not demonstrated that seven-hour depositions for each group of Defendants is unreasonably burdensome to the witnesses. GSK's principal argument is that the witnesses have "busy schedules." GSK Op. Br. at 2. But a deponent's busy schedule, without more, is insufficient to justify limiting a deposition. *See LG Philips LCD Co. v. Tatung Co.*, No. 04-343-JJF, 2005 WL 8170100, at *7 (D. Del. Aug. 16, 2005) ("[A]n order barring a litigant from taking a deposition would constitute extraordinary relief . . . even if the proposed deponent is a busy person.") (citation omitted); *see also* Hrg. Tr. 36:12–14 ("All we see is that they are busy men, which we understand and appreciate, but that alone is not sufficient to justify limiting the amount of time that Pfizer and BioNTech get with these witnesses."). The Special Master also notes that neither Dr. Geall nor Dr. Mandl joined GSK's Motion or provided any declaration that the depositions would impose undue burden.

*Second*, the importance of Drs. Geall and Mandl as witnesses weighs against limiting Defendants' deposition time. Dr. Geall is the named inventor on all eight patents asserted against PBNT and is the sole named inventor on seven of them. PBNT Ans. Br. at 1. GSK has also designated Drs. Geall and Mandl, at least in part, on up to 26 of PBNT's 30(b)(6) deposition topics. PBNT Ans. Br. Ex. 8; *see also* Hrg. Tr. 31:3–7. According to PBNT, GSK's interrogatory responses indicate Drs. Geall and Mandl have knowledge regarding conception and reduction to practice, experiments supporting patentability, vaccine candidates, and first public disclosures. *See* Hrg. Tr. 31:16–32:12. Similarly, GSK asserts against Moderna over 160 unique claims from 13 patents and patent applications across the two Moderna cases, only a small portion of which appears to overlap with the PBNT case. Moderna Ans. Br. at 1–2, Ex. 3. Because Drs. Geall and Mandl are central witnesses in all three actions, the Special Master is persuaded that Defendants are entitled to full and fair examinations of them.

*Third*, these are separate cases involving distinct issues that warrant independent deposition time. The PBNT case involves eight asserted patents from three patent families, while the Moderna cases involve different patents with different named inventor groups. PBNT Ans. Br. at 2; *see also* Hrg. Tr. 29:4–15, 44:22–45:7. Only one patent overlaps across all three actions, and it is undisputed that the cases involve different accused products, different claims, and different defenses. Moderna contends, for example, that it must pursue defenses unique to its cases, including inventorship, double-patenting, and invalidity defenses for patents asserted only against Moderna. Moderna Ans. Br. at 2. Additionally, as Moderna points out, Moderna and PBNT are adverse parties in other forums, and requiring them to share deposition time could prejudice their respective litigation positions (Hrg. Tr. 47:11–19), which the Special Master finds persuasive.

Although GSK argues that judges in this District have "frequently limited the number of

hours defendants may collectively depose third-party witnesses, including inventors" (GSK Op. Br. at 3–4), the Special Master does not find this argument persuasive. Many of the cases GSK cites involved situations in which the defendants agreed, prior to the entry of a scheduling order, to collectively share deposition hours. PBNT Ans. Br. at 3; *see also* Hrg. Tr. 38:5–8 ("Many, if not all of them were cases in which the defendants agreed prior to the entry of a scheduling order that there would be coordination across the cases."). No such agreement exists here; to the contrary, GSK and PBNT reached a compromise removing from the Scheduling Order GSK's proposal that PBNT coordinate with Moderna "to avoid duplicative depositions and deposition questioning." PBNT Ans. Br. at 2–3. Other cases GSK cites are distinguishable because they involved fewer patents, prior deposition transcripts, or materially different circumstances. For example, in *Sprint Communications*, the defendants already had access to 300 to 400 hours of witness transcripts, and the inventors had been deposed "many times" on the patents-in-suit. Moderna Ans. Br. at 4; *see also* Hrg. Tr. 38:19–39:1. No such prior transcripts are available here.

Moreover, Judge Williams has previously rejected attempts to limit depositions of witnesses who had previously been deposed in a separate case where the prior case "involved (largely) different patents in the same family," "involved different parties," and where the issues "appear[ed] to be largely unique." PBNT Ans. Br. at 3 (citing *Nexus Pharms. Inc. v. Exela Pharma Scis.*, LLC, No. 22-1233-GBW, D.I. 122 (D. Del. Sept. 3, 2024)). The same reasoning applies here. Other judges in this District have also recognized that parties should receive additional time to depose named inventors. PBNT Ans. Br. at 3 (citing *XMTT, Inc. v. Intel Corp.*, No. 18-1810-RGA, Hrg. Tr. 11:4–9 (D. Del. Mar. 14, 2019) (granting 14 hours for named inventor); *McKesson Info. Sols., LLC v. Trizetto Grp., Inc.*, No. 04-1258-SLR, Hrg. Tr. 43:20–21 (D. Del. June 13, 2005) (noting "standard practice" that "[i]nventors get twice the [deposition] time"); *DN Lookup*

*Techs. LLC v. Charter Commc'ns, Inc.*, No. 11-1177-LPS, Hrg. Tr. 18:11–20 (D. Del. Apr. 5, 2012) (stating "14 hours is not an uncommon amount of deposition testimony from an inventor")); PBNT Ans. Br. Exs. 11–13 (attaching hearing transcripts).

For similar reasons, GSK's request that Defendants be ordered to coordinate their questioning and attend each other's depositions is **DENIED**. The Scheduling Orders require only coordination as to scheduling, not substantive coordination of questioning. *See, e.g.*, D.I. 56 ¶ 4(e)(iii) (24-512-GBW); *see also* PBNT Ans. Br. Ex. 7 at 7:22–8:1; Hrg. Tr. 34:17–22. The Special Master sees no basis to depart from Judge Williams' determination in this regard.

Accordingly, GSK's Motion is **DENIED**.

## IV.    CONCLUSION

For the foregoing reasons, GSK's Motion (D.I. 231 (24-512-GBW); D.I. 241 (24-1135-GBW); D.I. 226 (24-1136-GBW)) is **DENIED**.

\* \* \*

This Memorandum Opinion and Order is preliminarily submitted under seal as a precaution because the parties' briefing was filed under seal. Within three (3) business days of this Order, the parties shall jointly email the Special Master and advise of any proposed redactions.

IT IS SO ORDERED.

Dated: June 8, 2026

*Monte T. Squire*
_____
Special Master Monté T. Squire

9