IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GLAXOSMITHKLINE BIOLOGICALS
SA, and GLAXOSMITHKLINE LLC,

     Plaintiffs,

v.

PFIZER INC., PHARMACIA & UPJOHN
CO. LLC, BIONTECH SE, BIONTECH
MANUFACTURING GMBH, and
BIONTECH US INC.,

     Defendants.

C.A. No. 24-cv-512 (GBW)

**PUBLIC VERSION**

## MEMORANDUM OPINION AND ORDER

Pending before the Special Master is Plaintiffs GlaxoSmithKline Biologicals SA and GlaxoSmithKline LLC's (collectively, "Plaintiffs" or "GSK") motion to compel Defendants Pfizer Inc., Pharmacia & Upjohn Co. LLC, BioNTech SE, BioNTech Manufacturing GmbH, and BioNTech US Inc. (collectively, "Defendants" or "PBNT") to produce all non-responsive and non-privileged family members (other than logos, junk files, and blank HTM files) of responsive documents (the "Motion"). D.I. 240.[1]

On June 2, 2026, GSK submitted its opening letter brief in support of the Motion ("Op. Br."). PBNT submitted its answering letter brief in opposition to the Motion ("Ans. Br.") on June 4, 2026. The Special Master held a hearing on the Motion via videoconference on June 10, 2026.[2]

---

[1] GSK submitted its opening letter brief in support of the Motion on June 2, 2026, and PBNT submitted its opposition letter brief on June 4, 2026.

[2] A court reporter was present for the June 10, 2026 hearing and provided a copy of the hearing transcript ("Hr'g Tr.") to the Special Master on June 11, 2026.

Having considered the parties' letter briefing and arguments presented at the hearing, IT IS HEREBY ORDERED that the Motion is **GRANTED** for the reasons set forth below.

## I.    BACKGROUND

GSK filed suit in this case on April 25, 2024, asserting claims against Defendants for infringement of certain patents relating to mRNA vaccine technology. D.I. 1; D.I. 26. On June 16, 2025, the Court entered the Protocol for Discovery, Including Discovery of Electronically Stored Information ("ESI") (the "ESI Order"). D.I. 66-1. Paragraph 5(h) of the ESI Order addresses the treatment of embedded and attached files—i.e., "child" documents within document families. It provides that "[t]he parent-child relationships, i.e., the association between an attachment or embedded file and its parent document, must be preserved." *Id.* at ¶ 5(h). The ESI Order further provides that "logos, junk files, and blank HTM files may be excluded from production" and that "[t]he receiving party may request a specific withheld attachment or embedded file if it has a good-faith basis for needing it, and the producing party will comply with reasonable requests." *Id.*  Fact discovery in this case is scheduled to close on July 29, 2026, and the deadline for substantial completion of document production was March 5, 2026. D.I. 56 at 3.

The present dispute concerns PBNT's withholding of non-responsive family members of responsive documents. According to GSK, PBNT has withheld more than 110,000 allegedly non-responsive attached and embedded files, replacing them with slipsheets in their document productions. Op. Br. at 1. Of these, Pfizer has withheld more than 98,000 attachments and BioNTech withheld more than 14,000 attachments. Op. Br. at 1. In contrast, GSK maintains that it has produced all non-responsive and non-privileged family members of responsive documents consistent with its understanding of the ESI Order. Op. Br. at 1; Hr'g Tr. at 22:11–17 ("GSK complied with the parties' agreements and the text of the ESI order and undertook the burden and

expense of reviewing all non-responsive family members and producing those documents to the extent they were not privileged.").

This dispute implicates a prior ruling by Judge Williams in the related Moderna cases. In a consolidated opinion docketed in this case as D.I. 75—and in the parallel GSK v. Moderna cases (C.A. Nos. 24-1135-GBW and 24-1136-GBW)—Judge Williams rejected Moderna's proposal to substitute slipsheets for non-responsive family members under an identically worded ESI Order provision, concluding that "such omissions may 'render documents and email families incomprehensible, or nearly incomprehensible, and therefore useless.'" D.I. 75 at 13 (quoting *Genzyme Corp. v. Novartis Gene Therapies, Inc.*, No. 21-1736-RGA, D.I. 93 (D. Del. Dec. 6, 2022)).

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *See Democratic Nat'l Comm. v. Republican Nat'l Comm.*, No. 18-1215, 2019 WL 117555, at *2 (3d Cir. Jan. 7, 2019) (quoting Fed. R. Civ. P. 26(b)(1)). A party moving to compel bears the burden of demonstrating the relevance of the requested information. *See Inventio AG v. ThyssenKrupp Elevator Ams. Corp.*, 662 F. Supp. 2d 375, 381 (D. Del. 2009).

The probative value of the information requested should be balanced against the costs and burdens imposed upon the producing party. *Inventio*, 662 F. Supp. 2d at 381; *see also Emerson Elec. Co. v. Le Carbone Lorraine, S.A.*, Civ. A. No. 05–6042, 2009 WL 435191, at *1 (D.N.J. Feb. 18, 2009) (noting that Rule 26(b)(2)(C) imposes a "rule of proportionality" that requires discovery to be restricted where the burden or expense outweighs the proposed benefit or the information can be obtained from another, less burdensome, source).

Discovery disputes involving the treatment of family members in ESI productions are governed by the parties' agreed-upon ESI protocol as entered by the Court, as well as applicable case law addressing the preservation of document family integrity. *See, e.g.*, *Genzyme Corp. v. Novartis Gene Therapies, Inc.*, No. 21-1736-RGA, D.I. 93 (D. Del. Dec. 6, 2022) (addressing production of family members to preserve document comprehensibility).

## III.   ANALYSIS

GSK's Motion is **GRANTED**. The Special Master finds the Court's prior ruling on this issue to be the most compelling consideration bearing on this dispute.   In a consolidated Memorandum Opinion and Order docketed in all three related cases, including this action, Judge Williams considered Moderna's request to substitute slipsheets for non-responsive family members of responsive documents. D.I. 75 at 13. Moderna argued, as PBNT argues here, that non-responsive family members of responsive documents need not be produced and could instead be identified with slipsheets. *Id.* Judge Williams rejected that position, agreeing with GSK that "such omissions may 'render documents and email families incomprehensible, or nearly incomprehensible, and therefore useless.'" *Id.* (quoting *Genzyme Corp. v. Novartis Gene Therapies, Inc.*, No. 21-1736-RGA, D.I. 93 (D. Del. Dec. 6, 2022)).

That ruling is directly on point, and the Special Master sees no basis to depart from the Court's determination. It is undisputed that the ESI Order provision at issue here, Paragraph 5(h), is identical in all material respects to the corresponding provision in the Moderna ESI Orders. Op. Br. at 2; Hr'g Tr. at 44:15–18. The provisions each require preservation of parent-child relationships, permit exclusion of only logos, junk files, and blank HTM files, and allow the receiving party to request specific withheld attachments upon a showing of good-faith need. *Compare* D.I. 66-1 at ¶ 5(h), *with* Op. Br. at 1. The Moderna defendants proposed to substitute

slipsheets for non-responsive family members, and GSK objected. Judge Williams resolved that dispute by ruling that non-responsive family members must be produced.

PBNT contends that the Court's ruling does not control this litigation because the portion of the consolidated opinion addressing the Moderna dispute "applied exclusively to the Moderna cases." Ans. Br. at 3; Hr'g Tr. at 45:11–46:21 ("[T]hose are different cases. . . . [W]e didn't have a common hearing. We didn't negotiate ESI protocols together or protective orders. They were truly separate processes."). Although the specific Moderna dispute was not independently briefed and decided between GSK and PBNT, this argument is nonetheless unpersuasive. *First*, the Court's consolidated opinion was docketed in this case as D.I. 75. The opinion thus put PBNT on unequivocal notice of the Court's views on the production of non-responsive family members under an identically worded ESI Order provision. PBNT cannot credibly claim ignorance of Judge Williams' ruling or GSK's position when the opinion was entered on the docket in the very case in which PBNT was a party.

*Second*, the Court's reasoning rested on well-established discovery principles that apply with equal force here. The Court's concern that withholding non-responsive family members could render responsive documents "incomprehensible, or nearly incomprehensible, and therefore useless" is not case-specific and applies to the instant dispute. *Third*, PBNT' s argument that "this [issue] was never brought before the Court" in the PBNT action (Ans. Br. at 4) is unavailing. As far as the Special Master can tell, this issue was never separately raised before Judge Williams in this case because PBNT's conduct during the ESI Order negotiations led GSK reasonably to understand that the parties had reached a resolution consistent with the Court's ruling or that the issue was dropped by PBNT. Had PBNT raised the issue earlier or made clear its intent to withhold non-responsive family members on this basis, GSK likely would have raised the issue earlier and

prevailed before Judge Williams based on the ruling in the Moderna cases. PBNT should not benefit now from its decision not to raise the issue earlier or otherwise make clear to GSK its interpretation of the ESI Order's provision and practice of not producing non-responsive family members notwithstanding the Court's decision. Hr'g Tr. at 55:14–18 ("Pfizer and BioNTech should have raised this issue a year ago when they were on unequivocal notice after Judge Williams' opinion about what GSK"s position was.").

PBNT's argument that the Court's ruling is inapplicable because GSK has "not identified a single document, email family, or category of documents that it contends is rendered incomprehensible without the inclusion of these non-responsive attachments" (Ans. Br. at 3) is not persuasive. Contrary to PBNT's suggestion, Judge Williams' ruling was prospective and did not require GSK to identify specific incomprehensible documents before ordering production. Hr'g Tr. at 19:10–17 ("[I]t was really a question about addressing ex ante what the parties should be doing with their document production rather than some sort of factual assessment about whether or not that it had been improper withholding of truly relevant attachments."). That approach is sound because the rationale underlying the ruling, that non-responsive family members provide necessary context to responsive documents, applies categorically, not document by document. Requiring GSK to demonstrate incomprehensibility for each of the more than 110,000 withheld documents before compelling production also would effectively shift PBNT's discovery obligations to GSK. Moreover, GSK has no reliable way to identify which of the more than 110,000 missing attachments might provide important context because it has never seen those documents.

The history of the parties' ESI Order negotiations provides a further basis that supports granting GSK's Motion. That history shows that PBNT raised the very issue now in dispute, the

withholding of non-responsive family members, during the drafting of the ESI Order and then dropped its proposed language, resulting in a final ESI Order that did not authorize the exclusion of non-responsive family members in the manner PBNT now urges. The record reflects that PBNT expressly proposed language that would have permitted exclusion of all non-responsive family members, GSK objected, and PBNT agreed to remove that language. Having apparently dropped this provision during the parties' negotiations, PBNT's position and explanations for its interpretation of the ESI Order as a basis to withhold documents are not well-founded and unpersuasive.

The Special Master finds PBNT's burden arguments equally unpersuasive. *First*, PBNT's rationale for not reviewing the documents in the first instance, namely, withholding more than 98,000 attachments as nonresponsive because they did not hit on the agreed-upon search terms, ignores the Court's reasoning in the Moderna cases. As Judge Williams recognized, even non-responsive family members can provide important context for responsive parent documents. D.I. 75 at 13. Thus, an email attachment that does not independently satisfy a search term may nevertheless be relevant to understanding the responsive email to which it was attached. In other words, the fact that an attachment did not hit on the agreed-upon search terms, without more, is not a sufficient basis to forgo further review, particularly in light of the Court's prior ruling on the very issue.

*Second*, the burden is largely of PBNT's own making. Had PBNT complied from the outset, as GSK did, or even made clear to GSK that it was withholding attachments to otherwise responsive emails as non-responsive where the attachments did not hit on the agreed-upon search terms, PBNT would not now face a compressed timeline. *Third*, on this record, the Special Master is satisfied that a document-by-document request process would impose substantial burden on

GSK, generate protracted disputes over individual documents, and provide PBNT with strategic insight into GSK's document review. *See* Hr'g Tr. at 24:15–23 ("[T]his document-by-document request that defendants have proposed would really give defendants an unfair advantage. It would cue the defendants into . . . these are the documents that GSK is looking at and concerned about and it would give them an unfair tactical and strategic advantage in terms of witness preparation.").

Accordingly, GSK's Motion is **GRANTED**.

## IV.    CONCLUSION

For the foregoing reasons, IT IS ORDERED that GSK's Motion (D.I. 240) is **GRANTED**. IT IS HEREBY ORDERED that within fourteen (14) business days of this Memorandum Opinion and Order, Defendants shall produce all non-responsive and non-privileged family members (other than logos, junk files, and blank HTM files) of responsive documents.

*    *    *

This Memorandum Opinion and Order is preliminarily submitted under seal as a precaution because the parties' briefing was filed under seal. Within three (3) business days of this Order, the parties shall jointly email the Special Master and advise of any proposed redactions.

IT IS SO ORDERED.

Dated: June 22, 2026

*/s/ Monté T. Squire*
Special Master Monté T. Squire
