# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| GLAXOSMITHKLINE BIOLOGICALS SA, and GLAXOSMITHKLINE LLC,<br><br>        Plaintiffs,<br><br>v.<br><br>PFIZER INC., PHARMACIA & UPJOHN CO. LLC, BIONTECH SE, BIONTECH MANUFACTURING GMBH, and BIONTECH US INC.,<br><br>        Defendants. | C.A. No. 24-cv-512 (GBW)<br><br>**PUBLIC VERSION** |

## MEMORANDUM OPINION AND ORDER

Pending before the Special Master is Plaintiffs GlaxoSmithKline Biologicals SA and GlaxoSmithKline LLC's (collectively, "Plaintiffs" or "GSK") motion to compel Defendants Pfizer Inc., Pharmacia & Upjohn Co. LLC, BioNTech SE, BioNTech Manufacturing GmbH, and BioNTech US Inc. (collectively, "Defendants" or "PBNT") to produce discovery related to infringement under 35 U.S.C. § 271(f) (the "Motion"). D.I. 253, 270.

On June 29, 2026, GSK submitted its opening letter brief in support of the Motion ("Op. Br."). PBNT submitted its answering letter brief in opposition to the Motion ("Ans. Br.") on July 2, 2026. The Special Master held a hearing on the Motion via videoconference on July 7, 2026.[1]

Having considered the parties' letter briefing and arguments presented at the hearing, IT IS HEREBY ORDERED that the Motion is **DENIED** for the reasons set forth below.

---

[1] A court reporter was present for the July 7, 2026 hearing and provided a copy of the hearing transcript ("Hrg. Tr.") to the Special Master on July 8, 2026.

## I.    BACKGROUND

GSK filed suit in this case on April 25, 2024, asserting claims against Defendants for infringement of eight patents relating to mRNA vaccine technology. D.I. 1; D.I. 26. GSK's First Amended Complaint ("FAC") specifically alleges, for each asserted patent count, direct infringement under 35 U.S.C. § 271(a) (where applicable), induced infringement under § 271(b), and contributory infringement under § 271(c). D.I. 26. The FAC neither mentions § 271(f) nor references any of its operative statutory language, including "export," "supply . . . outside the United States," "combine," "assemble," or "foreign" components. *See generally* D.I. 26.

GSK served its Preliminary Infringement Contentions on June 10, 2025, including a theory of indirect infringement under § 271(f). Op. Br. at 1. GSK served discovery directed to a § 271(f) theory, including document requests, interrogatories, and Rule 30(b)(6) deposition topics seeking information concerning exports, manufacturing processes, supply chains, and related financial data. *Id.* at 1.  On August 26, 2025, GSK asserted in correspondence that it was entitled to component-level discovery based on a § 271(f) theory. *Id.* at 2, Ex. 11. On September 30, 2025, PBNT responded with a letter objecting to producing § 271(f)-related discovery on the ground that § 271(f) was not pled in the FAC. Ans. Br. at 1. On October 31, 2025, GSK stated that the parties had reached an impasse on this issue. Op. Br. Ex. 13; Hrg. Tr. 31:14–19 ("GSK first declared an impasse on that issue on Halloween 2025. Your Honor can look at that at page 4 of GSK's October 31, 2025 letter, which is Exhibit 13 to GSK's motion."). GSK did not, however, move to compel or otherwise raise a discovery dispute on this issue at that time.

On September 3, 2025, GSK amended its complaint in the related Moderna action (C.A. No. 24-1135-GBW) to expressly add claims under § 271(f)(1) and (f)(2), including the statutory-tracking language "supplying" or "causing to be supplied" components "from the United States"

and their "combination outside of the United States." Ans. Br. at 3, Ex. 9 (¶¶ 122–123). GSK filed no corresponding motion to amend its FAC against PBNT in this case. On March 13, 2026, PBNT served supplemental non-infringement contentions again stating that "GSK has not pleaded indirect infringement under Section 271(f) in the Complaint or the First Amended Complaint." Ans. Br. at 1, Ex. 6. GSK did not move to strike those contentions or seek leave to amend the FAC at that time.

GSK raised the instant discovery dispute on June 26, 2026. D.I. 253, 270.  Fact discovery closes on July 29, 2026, and the deadline for amendment of pleadings was June 18, 2026. D.I. 56 at 1, 3.

## II.    ANALYSIS

GSK's Motion is **DENIED**.  Although the parties dispute whether the FAC sufficiently pleads a claim for indirect infringement under § 271(f) such that GSK is entitled to discovery on that claim (*see* Op. Br. at 1 (arguing "GSK Has Alleged That PBNT Infringe Under 35 U.S.C. § 271(f)"); Ans. Br. at 3 (arguing "GSK is Not Entitled to Discovery Relating to an Unpled Claim"); Hrg. Tr. 8–15, 36–43), the Special Master need not resolve that substantive issue to decide this discovery dispute. As a discovery matter, the Special Master finds GSK's Motion untimely and denies it on that independent ground.

The Special Master finds Magistrate Judge Thynge's reasoning in *Viatech* instructive. *Viatech Techs., Inc. v. Adobe, Inc.*, No. 20-358, Transcript of Discovery Conference (D. Del. Aug. 1, 2022) (attached as Ex. 1 to Ans. Br.).  In *Viatech*, faced with a similar motion to compel § 271(f) discovery, Judge Thynge observed that the issue "could have been learned by [the] [p]laintiff much earlier and could have been done by amending the complaint," and denied the motion on timeliness grounds. *Id.* at 25:8–17. Judge Thynge further recognized the significance of the distinct

3

subsections of § 271, noting that "there is a difference among [the subparts of § 271] because if that weren't the case, then why not just include 271(f) with contributory infringement?" *Id.* at 24:17–25:6. The same reasoning applies here. GSK was on notice of PBNT's objection, had ample opportunity to move to compel or seek leave to amend its pleading, and elected not to pursue either course for approximately eight months.

Specifically, the record here demonstrates that GSK was on notice of PBNT's objection no later than September 30, 2025, when PBNT stated that § 271(f) was not pled and objected to producing corresponding discovery. By October 31, 2025, GSK itself declared an "impasse" on this issue. Accordingly, the Special Master finds that GSK was on notice of this issue and had ample opportunity to move to compel well before the final weeks of discovery, yet failed to do so. Instead, GSK waited approximately eight months before raising this dispute. GSK's delay is particularly notable given that, at approximately the same time PBNT was objecting to § 271(f) discovery in this case, GSK amended its Moderna complaint to expressly assert § 271(f)(1) and (f)(2) claims using statutory-tracking language. Yet GSK chose not to do so here, nor did it seek to raise the parties' dispute as a discovery issue.

Because fact discovery closes on July 29, 2026, the Special Master is persuaded that granting the Motion at this late stage of discovery would impose an undue burden on PBNT. Hrg. Tr. at 32:1–14, 34:10–35:22. PBNT represents that GSK's proposed discovery would require PBNT to collect, review, and produce new component-level data that has not been produced in any other Comirnaty-related litigation; supplement interrogatory responses; prepare additional interrogatory responses; and expand preparation for up to seventeen Rule 30(b)(6) deposition topics, with depositions already underway and at least one PBNT Rule 30(b)(6) witness already deposed. Hrg. Tr. at 34:10–35:22. The Special Master finds that compelling this scope of discovery

4

only weeks before the close of fact discovery, particularly on an issue GSK delayed approximately eight months to raise, would impose an undue burden on PBNT and would be disproportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

Accordingly, GSK's Motion is **DENIED**.

## III.    CONCLUSION

For the foregoing reasons, IT IS ORDERED that GSK's Motion (D.I. 270) is **DENIED**.

\* \* \*

This Memorandum Opinion and Order is preliminarily submitted under seal as a precaution because the parties' briefing was filed under seal. Within three (3) business days of this Order, the parties shall jointly email the Special Master and advise of any proposed redactions.

IT IS SO ORDERED.

Dated: July 20, 2026

*/s/ Monté T. Squire*
Special Master Monté T. Squire

5